I agree completely with this Court's holding that the trial court was correct in disallowing questions on home ownership during jury voir dire. I arrive at this ultimate destination, however, by a somewhat different route. Section 12-16-60 (a)(1) sets the residency qualifications of a prospective juror:
 ". . . a resident of the county for more than 12 months."
Section 12-16-150 (1) provides as a ground for challenge of a juror:
 "(1) That the person has not been a resident householder or freeholder of the county for the last preceding six months."
Literally construed and applied, these two statutes mandate that the trial court disqualify any prospective juror who has not been a "resident of the county for more than 12 months"; and that, upon challenge by either party, the trial court must likewise excuse for cause any juror who has not been a "resident householder or free-holder of the county for the last preceding six months." In other words, the "resident householder or freeholder" ground for challenge is viable notwithstanding the juror's qualification as a "resident of the county for more than 12 months." Thus, if a prospective juror is qualified under the 12-month requisite of § 12-16-60 (a)(1), he or she may yet be subject to challenge for cause for not having been a resident "householder" or "freeholder" (whatever these pre-Civil War terms mean or were ever perceived to mean) for the last preceding six months, pursuant to § 12-16-150 (1).
This irrefutable analysis of these two juror qualification statutes leads to the equally irrefutable conclusion that, given the validity of the "resident householder or freeholder" qualification requisite, the trial court erred in rejecting the Appellant's inquiry concerning home ownership. The statute furnishes an unconditional ground for challenge of any juror who has not been a resident householder or freeholder for the last preceding six months. Thus, the challenge has nothing to do with "a relevant avenue of inquiry" or the trial court's exercise of its discretion.
The "not a relevant avenue of inquiry" reason given by the trial court cannot withstand appellate review unless we hold forthrightly that the trial court had the right to totally ignore the "householder or freeholder" qualification. Indeed, this, in legal effect, is exactly what the trial court necessarily did in disallowing the question. It seems altogether too obvious on its face to warrant discussion that §12-16-150 (1) cannot meet constitutional muster.
For this reason, I would affirm and make it abundantly clear that this antiquated ground for challenge of a juror must be struck down as repugnant to our federal and state constitutions.